## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jose A. Potes-Arias, being duly sworn, depose and state:

### Introduction

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), and have been since May 8, 2024. My responsibilities and duties include conducting investigations of alleged manufacturing, distribution, or possession of controlled substances (Title 21, United States Code, Section 841(a)(1)), importation of controlled substances (Title 21, United States Code, Section 952(a)), smuggling of goods into the United States (Title 18, United States Code, Section 545), and related offenses. I am an investigative or law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I am currently assigned as a Criminal Investigator with the Office of the Special Agent in Charge, San Juan, Puerto Rico. In this capacity, I investigate violations of federal criminal statutes, including offenses involving illegal firearm possession and trafficking.

3. I successfully completed the Criminal Investigator Training Program (CITP) and Homeland Security Investigations Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center (FLETC), Glynco, Georgia. These comprehensive training programs provided instruction on criminal law, investigative techniques, evidence handling, interviewing, and the identification and investigation of

1

federal firearm offenses, such as those prohibited by 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 18 U.S.C. § 922(o) (illegal possession or transfer of machine guns).

4. My professional background includes prior employment as a State Law Enforcement Communications Officer with the Florida Highway Patrol, where I was responsible for examining criminal histories and managing critical law enforcement information within state and federal systems. Additionally, I served honorably for five years in the United States Marine Corps as an Infantry Squad Leader, attaining the rank of Sergeant. During my time in the Marine Corps, I gained extensive experience with a wide range of weapon systems, from small arms to crew-served weapons. This hands-on experience provided me with a deep understanding of how various firearms operate, how to effectively manipulate and maintain them, and the tactical application of different weapon systems in high-pressure situations. This knowledge has been invaluable in shaping my ability to assess, operate, and respond to firearm-related situations with precision and expertise.

5. Based on my training, education, and professional experience, I am familiar with the methods used by individuals prohibited from possessing firearms, as well as the illegal trafficking, modification, and possession of firearms. I am qualified and have the necessary expertise to investigate violations of federal firearm laws, specifically those defined under 18 U.S.C. §§ 922(g)(1) and 922(o), and to provide credible information in support of affidavits for criminal investigations involving these offenses.

6.     The facts and information contained in this affidavit are based upon my training and experience, participation in this investigation, personal knowledge and observations made during the course of this investigation, as well as the observations of other agents and police officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the investigation.

7.     This affidavit contains information necessary to support probable cause. It is not intended to include every fact and matter observed by me or known to the United States. This affidavit contains information necessary to support probable cause for a criminal complaint charging Eduardo Ortiz-Rivera with violation of 18 U.S.C. § 922(g)(1) (Possession of a Firearm and Ammunition by a Convicted Felon) and 18 U.S.C. § 922(o) (Unlawful possession of a machinegun).

**Facts Supporting Probable Cause**

8. On March 7, 2025, at approximately 10:00 a.m., Puerto Rico Police Bureau Motorized Unit (PRPB MU) officers contacted HSI in reference to a subject that had been arrested in the area of San Juan.

9. On March 7, 2025, at approximately 09:30 am, Officer David Alvarez (Badge # 34974) and Officer Kayra Rivera (Badge # 32402) of the PRPB MU were driving through Calle Dr. Luis Izquierdo Mora, in front of the business 'El Canasto del Caribe', in an unmarked patrol vehicle. As both officers passed through the area, Officer Alvarez observed a silver vehicle (target vehicle) with its trunk open and two male individuals standing behind the vehicle, facing away from the off direction, thus unaware of the officers' presence. Upon further observation, Officer Alvarez noticed one of the individuals, later identified as Eduardo ORTIZ-Rivera, was holding a rifle. In response, Officer Alvarez immediately exited his vehicle. Upon noticing the officers, ORTIZ-Rivera who was in possession of the rifle quickly placed it in the trunk, closed the trunk, and locked the vehicle. The other individual fled on foot.

10. Officer Alvarez inquired whether ORTIZ-Rivera, possessed a valid weapons license in Puerto Rico, to which ORTIZ-Rivera responded negatively. Following this, Officer Alvarez placed ORTIZ-Rivera under arrest and advised ORTIZ-Rivera verbally of his Miranda Rights. Subsequently, ORTIZ-Rivera stated that the rifle was his and that he had purchased it approximately two months ago. ORTIZ-Rivera instructed the officer multiple times to only take the rifle and leave the vehicle undisturbed. The target vehicle was sealed at the place of arrest with evidence tape,

photographed, and towed to the PRPB precinct in Rio Piedras. ORTIZ-Rivera was then transported to the PRPB precinct in Rio Piedras as well for further processing.

11. Following ORTIZ-Rivera's arrest, ORTIZ-Rivera inquired with the PRPB MU Officers about the charges related to possession of a modified rifle, which was capable of firing in automatic mode. The officers informed ORTIZ-Rivera that Puerto Rico State Law had recently changed regarding possession of such firearms. At that point, ORTIZ-Rivera stated that if the federal authorities found out about the automatic rifle, he would be in serious trouble.

12. Later that day, HSI Public Safety Group (PSG) Investigators arrived at the PRPB Rio Piedras Precinct, where ORTIZ-Rivera was being held. HSI PSG Investigators advised ORTIZ-Rivera of Miranda Rights, in his native language of Spanish. ORTIZ-Rivera declined to make any statements to the federal authorities and refused to sign the ICE Form 73-025.

13. Officer Alvarez was subsequently granted a search warrant for the target vehicle. Before executing the search of the target vehicle, Officer Alvarez inquired if there was anything in the front of the vehicle that could potentially harm him. ORTIZ-Rivera responded by stating that there was nothing in the front, and that only the rifle and synthetic marijuana were located in the trunk of the vehicle.

14. A search of the vehicle was conducted in the presence of HSI investigators, which resulted in the discovery of the following items:

a.) Trunk:

    (i)    (1) Black and red rifle with no buttstock.

    (ii)    (50) Rounds of .223 ammunition.

    (iii)    (2) 5.56 magazines.

    (iv)    (27) Black packages containing possible synthetic marijuana, located inside a plastic Ziploc bag.

    (v)    (1) Plastic cylinder containing a green leafy substance, found inside the Ziploc bag with the 27 black packages.

    (vi)    (1) Plastic cylinder containing a green leafy substance

    (vii)    (1) Digital Scale.

    (viii)    (2) Cellphones

b.) Floorboard (Underneath the Spare Tire):

    (i) (3) Plastic cylinders containing a green leafy substance.

c.) Front Driver Side of the Vehicle:

    (i) (7) Marijuana cigarettes.

    (ii) (2) Packages of rolling papers.

d.) Front Passenger Side of the Vehicle:

    (i) (1) Cellphone.

e.) Center Console:

    (i) Clear bag of prescription pills under his name (Gemfibrozil).

(ii) Black plastic cylinder containing a green leafy substance.

15. The evidence seized from the vehicle is depicted below.



16. A fourth cellular device was later seized from ORTIZ-Rivera's person.

17. HSI Agents were present during the search of the vehicle.

18. During the execution of the search warrant, ORTIZ-Rivera made various statements indicating that the rifle was located in the trunk of the target vehicle and that there was nothing of interest in the rest of the vehicle. ORTIZ-Rivera made these statements spontaneously, directing attention solely to the trunk.

19. Inclusively, during the search of the target vehicle, Officer Alvarez asked ORTIZ-Rivera if he possessed a valid medicinal marijuana license. ORTIZ-Rivera confirmed that he did. Officer Alvarez then inquired how ORTIZ-Rivera could have a medicinal marijuana license, given his prior conviction for controlled substance violations. In response, ORTIZ-Rivera explained that although he had served time in prison, he had been released approximately 6 or 7 years ago, noting that it was a long time ago.

20. A functions check was conducted by TFO Juan Clemente, and Special Agent Jose Potes Arias. During the check, it was observed that the trigger would not reset after pulling the charging handle, which is inconsistent with the normal operation of a semi-automatic rifle and preliminarily shows that the firearm is capable of firing automatically more than one shot with a single function of the trigger.

21. Records checks revealed that, ORTIZ-Rivera was convicted at the state level on three felony charges related to controlled substances in 2012 and was sentenced to five (5) years in prison, with the sentences to run concurrently.

22. Further, this investigation revealed that no firearms or ammunition were manufactured in the Commonwealth of Puerto Rico; therefore, the firearms or ammunition were shipped or transported through interstate or foreign commerce.

## Conclusion

23.     Based on the facts contained herein, there is probable cause to believe that ORTIZ-Rivera has violated the following offenses: 18 U.S.C. § 922(g)(1) (Possession of a Firearm and Ammunition by a Convicted Felon) and 18 U.S.C. § 922(o) (Unlawful possession of a machinegun).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

JOSE A POTES ARIAS
Digitally signed by JOSE A POTES ARIAS
Date: 2025.03.08 09:26:13 -04'00'

_____
Jose A. Potes-Arias
Special Agent
U.S. Homeland Security Investigations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 10:06 a.m. on the 8 t h day of March, 2025, in San Juan, Puerto Rico.

_____
Héctor Ramos-Vega
Magistrate Judge
United States District Court District
District of Puerto Rico